J-S27007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID SCOTT RICE, | |
| Appellant | No. 1319 MDA 2015 |

Appeal from the PCRA Order June 24, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003324-2011

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 04, 2016**

Appellant, David Scott Rice, appeals *pro se* from the June 24, 2015 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we vacate and remand for the appointment of counsel and an evidentiary hearing to determine whether plea counsel was *per se* ineffective for failing to file a requested notice of appeal.

The trial court summarized the history of this case as follows:

> On May 3, 2013, [Appellant] pled guilty on docket number 3324-2011 to 105 counts of Possession of Child Pornography[1]

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  Each count was graded as a second degree felony, and each was punishable by up to ten years in prison and a $25,000 fine.  N.T. (Plea), 5/3/13, at 3.

in violation of 18 Pa.C.S. § 6[3]12(d)(1).[2] Pursuant to a negotiated plea agreement, [Appellant] was sentenced to the following: five to ten years' incarceration for each of counts one and two, to be served consecutively; two and a half to five years' incarceration for count three, to be served consecutive to count two; five to ten years' incarceration for counts four through 105, to be served concurrent with count one. Accordingly, [Appellant's] total aggregate sentence was twelve and a half to twenty five years' incarceration. At the time of the plea, [Appellant] was represented by Attorney Samuel Encarnacion. [No direct appeal was filed.]

On April 23, 2014, [Appellant] filed a timely *pro se* Motion for Post-Conviction Collateral Relief, and on May 5, 2014, the undersigned appointed Attorney Vincent J. Quinn, Esquire as PCRA counsel. Mr. Quinn was grant[ed] forty-five (45) days to file an amended Petition. **None was filed**, and on August 22, 2014, Attorney Quinn filed a *Finley*/no merit letter[1] and a Motion to Withdraw as Counsel. On October 6, 2014, pursuant to Pa.R.Crim.P. 907, the undersigned filed its Notice of Intent to Dismiss [Appellant's] *pro se* PCRA Petition without a hearing and granted Mr. Quinn permission to withdraw as counsel.

> [1] *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998)[, and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)].

On June 24, 2015, for the reasons stated in the court's October 6, 2014 Order, the undersigned dismissed [Appellant's] PCRA Petition without hearing under Rule 907. On July 16, 2015, [Appellant] filed a Notice of Appeal, giving notice that [Appellant] appealed to the Superior Court of Pennsylvania, MDA from the June 24, 2015 Order denying Post-Conviction Relief. [Appellant] included in this Notice an application to proceed In Forma Pauperis for purposes of appellate review. On July 29, 2015, this court granted [Appellant's] Petition to proceed with the filing of his appeal In Forma Pauperis. [Appellant] filed a subsequent PCRA Petition on August 12, 2015. On August 18,

_____

[2] The information describes pornographic photographs and videos depicting children as young as four years old performing sex acts on adults. Information, 4/19/13, at Count 83.

2015, the court denied [Appellant's second] PCRA Petition because the court lacked jurisdiction due to [Appellant's] pending appeal of the undersigned's June 14, 2015 Order denying [Appellant's] April 23, 2014 PCRA Petition.

Pa.R.A.P. 1925(a) Opinion, 10/22/15, at 2–3 (emphasis added). Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant, *pro se*, presents the following issues for our review:

ISSUE-(1). WHETHER THE LOWER COURT ERRED FOR FAILURE TO ADDRESS APPELLANT'S ISSUE IN THAT APPELLANT'S PLEA OF GUILTY WAS UNKNOWINGLY AND UNINTELLIGENTLY ENTERED WHERE NEITHER APPELLANT'S GUILTY PLEA COUNSEL NOR THE TRIAL COURT EXPLAINED TO APPELLANT THE NATURE AND/OR ELEMENTS OF THE CRIMES CHARGED TO WHICH APPELLANT ENTERED HIS GUILTY PLEA AND WHETHER GUILTY PLEA COUNSEL'S INEFFECTIVE ASSISTANCE FOR FAILURE TO PROPERLY INVESTIGATE COERCED APPELLANT INTO ENTERING INTO A PLEA OF GUILTY WHERE APPELLANT WOULD HAVE RATHER OPTED TO GO TO TRIAL?

ISSUE-(2). WHETHER THE LOWER COURT ERRED IN FINDING TRIAL COUNSEL NOT INEFFECTIVE FOR COUNSEL'S FAILURE TO FILE APPEALS ON APPEALABLE ISSUES AFTER APPELLANT REQUESTED COUNSEL TO FILE THE APPEALS?

ISSUE-(3). APPELLANT RAISES SUA SPONTE THAT THE LOWER COURT FAILED TO AWARD PROPER TIME CREDIT TO APPELLANT'S SENTENCE IMPOSED FOR TIME SPENT IN CUSTODY?

ISSUE-(4). APPELLANT SUA SPONTE RAISES THE ISSUE THAT HIS SENTENCE IS UNCONSTITUTIONAL AND ILLEGAL UNDER 18 PA.C.S.A. § 6312(D)(1) AS DETERMINED BY THE PENNSYLVANIA SUPREME COURT IN COMMONWEALTH V. HOPKINS, 98 MAP 2013 (June 15, 2015), AND ALLEYNE V. UNITED STATES, 133 S.CT. 2151 (2013).

Appellant's Brief at 4 (*verbatim*).

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well settled, as set forth as follows:

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, 612 Pa. 183, 204, 30 A.3d 426, 438 (2011) (citing **Commonwealth v. Colavita**, 606 Pa. 1, 21, 993 A.2d 874, 886 (2010)). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. **Id**. . . . "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, 622 Pa. 1, 16, 79 A.3d 595, 603 (2013).

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). Failure to establish any one of these prongs will defeat an ineffectiveness claim. **Mason**, 130 A.3d at 618.

Our careful review compels the conclusion that Appellant's second issue is dispositive. In that claim, Appellant contends that plea counsel was ineffective for failing to file a requested appeal, and the PCRA court erred in concluding otherwise.

Our Supreme Court has held that where there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases and denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, thus constituting prejudice and *per se* ineffectiveness for PCRA purposes. ***Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999). In such circumstance, a defendant is automatically entitled to reinstatement of his appellate rights. ***Id***.

A more difficult situation arises when a defendant does not clearly express to counsel his desire to file a direct appeal. This Court addressed such a claim in ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001). Therein, the defendant conceded that he had not specifically asked counsel to file a direct appeal. However, relying upon the United States Supreme Court's decision in ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000), this Court found that under the facts of that case, counsel had a duty to "consult" with Mr. Touw about a direct appeal.

In the present case, we first observe that in its Rule 1925(a) opinion, the PCRA court noted that Appellant raised, *inter alia*, an issue in his statement of errors filed pursuant to Pa.R.A.P. 1925(b) that plea counsel was ineffective for failing to file "or re-file" certain requested appeals.

Pa.R.A.P. 1925(a) Opinion, 10/22/15, at 4. The Rule 1925(a) opinion listed Appellant's asserted eight issues in his Rule 1925(b) statement, but the PCRA court did not address any of them in its opinion. Instead, the PCRA court represented that "all" of Appellant's issues raised on appeal "were addressed in [that] court's Pa.R.Crim.P. 907 Notice of August 22, 2014." ***Id***.

Thus, we review the PCRA court's Rule 907 notice. Therein, the PCRA court, relying upon PCRA counsel's no-merit ***Turner***/***Finley*** letter, addressed various issues Appellant raised in his *pro se* PCRA petition and Rule 1925(b) statement. However, contrary to the PCRA court's representation, its opinion is utterly devoid of any mention of Appellant's claim, asserted both in his PCRA petition and Rule 1925(b) statement, that he requested a direct appeal, and none was filed. Pa.R.Crim.P. 907 Notice, 10/6/14.

We also underscore that in his *pro se* PCRA petition, Appellant alleged, *inter alia*, ineffective assistance of counsel. PCRA petition, 4/23/14, at 2, ¶ 4 (II). Appellant averred that he "did make it known to [plea counsel] that [Appellant] wanted all appealable issues/motions filed, to which [plea counsel] did nothing." ***Id***. at 4, ¶ 7. In support, Appellant attached to his PCRA petition Exhibit 1, which is a copy of a "General Purpose Request Form" dated May 17, 2013, fourteen days after Appellant was sentenced, and which is addressed to the Public Defender through the inter-county mail system. That form states as follows:

> Sam Encarnacion- I would like you to file any and all post-conviction motions available (sentence reduction, motion to vacate, etc.). I want to try and exhaust all remedies available to me at this point. I regret caving-in and taking a plea, but what's done is done, I guess. I should have went with my instincts. The power of persuasion and the pressure placed upon me were too much. So now, I would like all motions possible filed—I know there aren't many, but I do know there are more than a few. Thank you.

PCRA Petition, 4/23/14, at Exhibit 1. The May 17, 2013 notice to plea counsel was sent well within the thirty-day appeal period. No appeal was filed. Moreover, the Commonwealth acknowledges that Appellant wrote to counsel fourteen days after entry of the guilty plea and requested counsel to file "any and all motions on his behalf." Commonwealth's Brief at 2 n.2.

On August 22, 2014, PCRA counsel filed his **Turner**/**Finley** no-merit letter seeking to withdraw as counsel. He noted therein that "[n]either a post-sentence motion nor a Notice of Appeal was filed on behalf of [Appellant]." **Turner**/**Finley** letter, 8/22/14, at 2. Counsel then listed and discussed all of the issues Appellant raised in his *pro se* PCRA petition **except** the claim that Appellant had asked plea counsel to file any and all motions to which he was entitled, and plea counsel failed to take action.

We previously delineated the relief necessitated by counsel's failure to file a requested appeal. **Lantzy**. We also referenced the more difficult question when the defendant does not clearly articulate that request. **Touw**. In the present case, we find guidance in **Commonwealth v. Donaghy**, 33 A.3d 12 (Pa. Super. 2011).

- 7 -

In **_Donaghy_**, the PCRA court credited the testimony of the appellant's counsel that the appellant never specifically asked him to file a direct appeal. Counsel acknowledged, however, that Donaghy had sent him several letters, at least one within the thirty-day appeal period, in which the appellant asked for an explanation of reasons required to file an appeal and the time frame for doing so. **_Id_**. at 16. Counsel interpreted Donaghy's inquiry to mean that he wanted to file a direct appeal on his own. The PCRA court found counsel's testimony credible and concluded that Donaghy "failed to satisfy his burden of proving that he did in fact request an appeal and counsel disregarded that fact." **_Id_**. (citation omitted).

On appeal, this Court concluded that Donaghy's inquiry regarding his appellate rights "sufficiently demonstrated a desire to appeal, such that counsel should have made a 'reasonable effort to discover [Donaghy's] wishes' as required under **_Flores-Ortega_**." **_Donaghy_**, 33 A.3d at 16. Moreover, we found that counsel's response, in which he advised Donaghy that he "could file an appeal" within thirty days did not satisfy the "counseling requirements." **_Id_**. Therefore, we reversed the order of the PCRA court and remanded for the reinstatement of Donaghy's direct appeal rights.

We note the proviso that even "[a] deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his . . . appellate rights; the defendant must

show prejudice." ***Touw***, 781 A.2d at 1254. Prejudice in this context means a defendant must show a reasonable probability that but for counsel's deficient failure to consult, the defendant would have sought additional review. ***Id***.

Here, there are multiple factors that compel us to vacate and remand this matter. During the appeal period, Appellant asked counsel to file all motions to which he was entitled. This triggered counsel's duty to consult with Appellant to explore his client's desire to appeal. The record before us is silent regarding whether counsel took such action. Moreover, the PCRA court represented that it had addressed all of Appellant's issues, but this very claim regarding Appellant's alleged request for an appeal has been omitted, both by PCRA counsel who withdrew representation, and by the PCRA court.

Under the facts of this case, we vacate the PCRA order and remand for appointment of new counsel, who shall then review the record in full and file an amended PCRA petition raising the above-stated claim, as well as any additional claims. The PCRA court shall conduct an evidentiary hearing to determine whether plea counsel was *per se* ineffective for failing to file a requested notice of appeal. If the PCRA court so finds, it shall grant Appellant leave to file a direct appeal *nunc pro tunc*. ***Commonwealth v. Harris***, 114 A.3d 1, 4 (Pa. Super. 2015) ("[O]nce the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to

file a direct appeal and end its inquiry there.") (Citing **Commonwealth v. Pate**, 617 A.2d 754 (Pa. Super. 1992)); **Donaghy**, 33 A.3d at 14 n.5 ("Because the PCRA court granted Appellant PCRA relief in the form of a reinstatement of his direct appeal rights *nunc pro tunc*, it was without authority to reach the merits of [the a]ppellant's remaining PCRA claim."). If the PCRA court concludes there was not ineffectiveness *per se*, it shall address any additional PCRA claims that have been raised. **Harris**, 114 A.3d at 4.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016